UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BRIAN MARSHALL GIBSON,

                Plaintiff,

-against-

PASTA CITY, et al.,

                Defendants.

1:23-CV-9112 (LTS)

ORDER TO AMEND

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff Brian Marshall Gibson, who is currently incarcerated in the Sing Sing Correctional Facility ("Sing Sing"), filed this *pro se* action specifically asserting claims under 42 U.S.C. § 1983, under the court's original federal question jurisdiction, and claims under state law, under the court's supplemental jurisdiction. He sues: (1) "Pasta City," which appears to be a reference to Providore Fine Foods ("Providore"), of Portland, Oregon; (2) "North Shore Distributor, Northshore Building," which appears to be a reference to the North Shore Bottling Company ("NSBC"), of Brooklyn, New York; (3) the New York State Department of Corrections and Community Supervision ("DOCCS"); (4) "Johny D. Alappatt, Office Assistant 1 (Store House)"; (5) "Simon Onwe, Office Assistant 2 (Store House)"; and (6) "John Doe, Lab Physician who lost stool sample," who may be an unidentified DOCCS employee. Plaintiff seeks a total of $7,000,000 in damages.

    By order dated October 18, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After

separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

Plaintiff alleges the following: On January 19, 2023, while Plaintiff was incarcerated at Sing Sing, he purchased from that facility's commissary, along with other items, "two bags of elbow pasta."[2] (ECF 1, at 4.) Three days later, on January 22, 2023, Plaintiff "made a meal with the bag[s] of elbow . . . pasta . . . and while eating the meal[,] [he] discovered tiny speckles of bugs." (*Id.*)

"Plaintiff immediately began to inspect the pasta bag[s] and notice[d] brown insect[s] moving around in the bag[s]." (*Id.*) He later "began to feel nauseous with stomach pains and had to relieve himself approximately four times through that night." (*Id.*) Two days after Plaintiff ate the pasta, he requested medical attention "and his medical provider requested a stool sample." (*Id.*) Plaintiff provided three stool samples; "the first stool [sample] result was lost by state agents . . . [,] the second [he] never received the result[,] and the third . . . was unable to determine any parasite." (*Id.*) Plaintiff requested, on August 30, 2023, "to see the lab physician and requested to provide more stool samples[;] [he] "continues to see his [medical] provider and have his stool . . . tested." (*Id.*)

## DISCUSSION

**A.     DOCCS**

The Court must dismiss Plaintiff's claims against DOCCS under the doctrine of Eleventh Amendment immunity. "[A]s a general rule, state governments may not be sued in federal court

---

[2] It appears that Plaintiff alleges that the pasta was a product of Providore.

3

unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogate[d] the states' Eleventh Amendment immunity. . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks and citation omitted, alteration in original). "[T]he immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. (internal quotation marks and citation omitted). This immunity shields States from claims for money damages, injunctive relief, and retrospective declaratory relief. *See Green v. Mansour*, 474 U.S. 64, 72-74 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984). It also precludes a plaintiff from seeking, in federal court, relief under state law against a State or one its agencies. *See Raygor v. Regents of Univ. of Minn.*, 534 U.S. 533, 540-42 (2002); *Halderman*, 465 U.S. at 120-21; *In re Charter Oak Assocs.*, 361 F.3d 760, 765 (2d Cir. 2004) ("Although the text of the [Eleventh] Amendment would appear to restrict only the Article III diversity jurisdiction of the federal courts, it has been construed more broadly to render states and their agencies immune from suits brought by private parties in federal court." (internal quotation marks and citation omitted)); *see also Bertoldi v. State*, 275 A.D. 2d 227, 228 (1st Dep't 2000) ("It is well settled that the [New York] Court of Claims has exclusive jurisdiction over actions for money damages against the State [of New York], [New York] State agencies, or [New York] State officials acting in their official capacities in the exercise of governmental functions.").

Congress has not abrogated the States' immunity for claims under 42 U.S.C. § 1983, *see Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990), and the State of New York has not waived its immunity to suit in federal court, *see Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977); *Bertoldi*, 275 A.D. 2d at 228. DOCCS is an agency of the State of New York; it is, thus, an arm of that State and enjoys Eleventh Amendment immunity. *E.g.*,

4

*Aniades v. N.Y.S. Div. of Parole*, No. 21-CV-5975, 2023 WL 4421877, at *5 (S.D.N.Y. July 10, 2023). As to any claims under state law that Plaintiff asserts against DOCCS, this Court lacks jurisdiction to consider those claims, as they may only be considered by the New York Court of Claims. *Gollomp*, 568 F.3d at 357 n.2; *Bertoldi*, 275 A.D. 2d at 228.

Accordingly, the Court dismisses Plaintiff's claims against DOCCS under the doctrine of Eleventh Amendment immunity, for lack of subject matter jurisdiction, and because Plaintiff seeks monetary relief from a defendant that is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(iii); Fed. R. Civ. P. 12(h)(3); *see Close v. New York*, 125 F.3d 31, 38-39 (2d Cir. 1997) ("[U]nless New York waived its immunity, the district court lacked subject matter jurisdiction."); *Atl. Healthcare Benefits Tr. v. Googins*, 2 F.3d 1, 4 (2d Cir. 1993) ("Although the parties do not address the Eleventh Amendment in their briefs, we raise it *sua sponte* because it affects our subject matter jurisdiction.").

**B.     Remaining claims under Section 1983**

**1.     Claims of negligence under Section 1983**

To the extent that Plaintiff asserts claims of negligence under Section 1983 against any defendants alleged to be employed by DOCCS, arising from the scope of their employment, the Court must dismiss those claims. The negligence of a state official is not a viable basis for a claim of a federal constitutional violation under Section 1983. *See Daniels v. Williams*, 474 U.S. 327, 335-36 (1986) ("Jailers may owe a special duty of care to those in their custody under state tort law, but . . . we reject the contention that the Due Process Clause of the Fourteenth Amendment embraces such a tort law concept." (citation omitted)); *Davidson v. Cannon*, 474 U.S. 344, 348 (1986) ("As we held in *Daniels,* the protections of the Due Process Clause, whether procedural or substantive, are just not triggered by lack of due care by prison

5

officials."). The Court therefore dismisses such claims for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

    **2.    Claims of Eighth Amendment violations under Section 1983**

Plaintiff, a convicted prisoner, seems to assert claims under Section 1983 that DOCCS employees violated his rights under the Cruel and Unusual Punishment Clause of the Eighth Amendment, as to his conditions of confinement, by selling him contaminated commissary food. *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979); *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). A prisoner must satisfy two elements to state such conditions-of-confinement claims: (1) an "objective" element, which requires a showing that the challenged conditions of confinement are sufficiently serious, and (2) a "mental" element, which requires a showing that a prison official acted with at least deliberate indifference to those conditions of confinement. *See Farmer v. Brennan*, 511 U.S. 825, 834-37 (1994); *Hayes v. N.Y.C. Dep't of Corr.*, 84 F.3d 614, 620 (2d Cir. 1996).

Under the objective element, "the inmate must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health" or safety, "which includes the risk of serious damage to 'physical and mental soundness.'" *Darnell*, 849 F.3d at 30 (quoting *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013), and *LaReau v. MacDougall*, 473 F.2d 974, 978 (2d Cir. 1972)); *see also Farmer*, 511 U.S. at 828 ("A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment."). "[P]rison officials violate the Constitution when they deprive an inmate of his basic human needs such as food, clothing, medical care, and safe and sanitary living conditions." *Walker*, 717 F.3d at 125 (internal quotation marks omitted). "[T]he Eighth Amendment prohibition against cruel and unusual punishment does require that prisoners be served 'nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health

and well being of the inmates who consume it.'" *Robles v. Coughlin*, 725 F.2d 12, 15 (2d Cir. 1983) (citation omitted). "Consequently, '. . . serving [a prisoner] contaminated food may constitute a violation of the Eighth Amendment.'" *Heyliger v. Cymbrak*, No. 9:17-CV-0912, 2019 WL 8491156, at *7 (N.D.N.Y. Dec. 16, 2019) (internal quotation marks and citations omitted), *report & recommendation adopted*, 2020 WL 633199 (N.D.N.Y. Feb. 11, 2020).

The second element – the "subjective" or "mental" element – requires a convicted prisoner to allege that a prison official "'knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Darnell*, 849 F.3d at 32 (quoting *Farmer*, 511 U.S. at 837). "[A] prison official has sufficient culpable intent if he has knowledge that an inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate the harm." *Hayes*, 84 F.3d at 620. As discussed above, the negligence of a prison official is not a viable basis for a claim of a federal constitutional violation under Section 1983. *See Daniels*, 474 U.S. at 335-36; *Davidson*, 474 U.S. at 348; *see also Poole v. Nassau Cnty.*, No. 15-CV-2762, 2016 WL 1089411, at *5 (E.D.N.Y. Mar. 21, 2016) ("A prisoner alleging an Eighth Amendment violation based on contaminated food must demonstrate both an objective element – that the prison officials' transgression was sufficiently serious – and a subjective element – that the officials acted, or omitted to act, with a sufficiently culpable state of mind, *i.e.,* with deliberate indifference to inmate health or safety." (internal quotation marks and citations omitted)).

Plaintiff has not alleged facts sufficient to state a claim under Section 1983 that any DOCCS employee violated his rights under the Eighth Amendment by selling him contaminated (insect-infested) commissary food. Even if the Court were to understand that he has alleged facts

sufficient to show that such conditions of confinement, either alone or in combination, posed an unreasonable risk of serious damage to his health or an unreasonable risk to his safety, he has not alleged facts sufficient to show that any DOCCS employee knew of and disregarded an excessive risk to his health or safety; he does not show that the DOCCS employee was both aware of facts from which the inference could be drawn that a substantial risk of serious harm to Plaintiff existed with regard to the commissary food sold to him, and that the DOCCS employee had drawn that inference. The Court therefore dismisses such claims for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii). In light of Plaintiff's *pro se* status, however, the Court grants Plaintiff leave to file an amended complaint in which he alleges facts sufficient to state a conditions-of-confinement claim, under Section 1983, against at least one DOCCS employee, arising from the sale of contaminated commissary food to him.

    **3.**    **State action**

To state a claim of federal constitutional violations under Section 1983, a litigant must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *See West v. Atkins*, 487 U.S. 42, 48-49 (1988). "The traditional definition of acting under color of state law requires that the defendant . . . exercise[] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49 (internal quotation marks and citation omitted). "Because the United States Constitution regulates only the Government, not private parties, [with respect to a claim brought under Section 1983,] a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action." *Flagg v. Yonkers Sav. & Loan Ass'n*, 396 F.3d 178, 186 (2d Cir. 2005) (internal quotation marks and citation omitted). Private parties generally are not state actors, and therefore are not usually liable under Section 1983.

*Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)).

Providore and NSBC appear to be private entities, and Plaintiff alleges no facts showing that either of those entities functioned as a state actor when it allegedly injured him. The Court therefore dismisses Plaintiff's claims under Section 1983 against those defendants for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii).

As to two of the remaining defendants, "Johny D. Alappatt, Office Assistant 1 (Store House)" and "Simon Onwe, Office Assistant 2 (Store House)," who seem to be private individuals, Plaintiff has not alleged facts sufficient to show that either of them was a state actor when he or she allegedly injured him. With respect to the other remaining defendant, "John Doe, Lab Physician who lost stool sample," it is possible that this defendant is a DOCCS employee who allegedly injured Plaintiff within the scope of that defendant's DOCCS employment, and therefore, may be a state actor. Plaintiff does not, however, provide facts sufficient to confirm this. The Court therefore also dismisses these claims against these remaining defendants for failure to state a claim on which relief may be granted. *See id.* To the extent that Plaintiff wishes to pursue claims of federal constitutional violations under Section 1983, the Court grants him leave to file an amended complaint in which he names individual state actors as defendants and describes how they acted as state actors when they allegedly injured him.

### 4.   Personal involvement of individual state actors

To state a claim under Section 1983 against individual state actors, a plaintiff must allege facts showing that those individuals were directly and personally involved in an alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983."

9

(internal quotation marks omitted)). An individual state actor defendant may not be held liable under Section 1983 solely because that individual employs or supervises a person who violated the plaintiff's rights. *See Iqbal*, 556 U.S. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official[.]" *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

To the extent that any of the individuals named as defendants is a state actor, Plaintiff does not allege facts sufficient to show how any of them was directly and personally involved with the alleged violations of his federal constitutional rights. The Court therefore dismisses these claims for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii). Inasmuch as Plaintiff wishes to pursue claims of federal constitutional violations under Section 1983, the Court also grants Plaintiff leave to amend his complaint to allege facts showing how all of the individual state actors named as defendants in his amended complaint were directly and personally involved with the alleged violations of his federal constitutional rights.

## C.     Plaintiff's remaining claims under state law

Because Plaintiff seems to assert claims against Providore and/or other private defendants under state law, arising from the insect-infested pasta allegedly sold to him in the Sing Sing commissary, he may be attempting to additionally or alternatively invoke the court's original diversity jurisdiction to consider those claims, as opposed to the court's supplemental jurisdiction to consider those claims.[3] For this reason, and in light of Plaintiff's *pro se* status, the Court will

---

[3] If Plaintiff files an amended complaint asserting claims under federal law, including claims under Section 1983, under the court's original federal question jurisdiction, as well as claims under state law, under the court's supplement jurisdiction, and if the Court subsequently dismisses all of his claims under federal law, the Court will then decline to consider, under its

consider the possibility that Plaintiff is indeed attempting to invoke the court's original diversity jurisdiction.[4]

The original subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, a federal district court has original subject matter jurisdiction only when a "federal question" is presented or, if the plaintiff is asserting claims under state law under the court's diversity jurisdiction, when the plaintiff and the defendants are citizens of different States and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court sua sponte, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Com. Workers Union, Loc. 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir.

---

supplemental jurisdiction, his claims under state law. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction. . . ." (footnote omitted)). The Court cannot, however, decline to consider claims under state law if it has original diversity jurisdiction to consider those claims. *See* 28 U.S.C. § 1332(a).

[4] To the extent that Plaintiff asserts any claims under state law for damages against any DOCCS employee, under either the court's diversity jurisdiction or under its supplemental jurisdiction, arising from any act or failure to act within the scope of that person's DOCCS employment, Section 24 of the New York Correction Law precludes such claims from being considered by this court; such claims may only be brought against the State of New York, and can only be considered by the New York Court of Claims. *See* N.Y. Corr. Law § 24(1), (2); *Baker v. Coughlin*, 77 F.3d 12, 15 (2d Cir. 1996) (discussion in the context of pendant (supplemental) jurisdiction); *Ciaprazi v. Jacobson*, No. 13-CV-4813, 2014 WL 5050591, at *2-3 (S.D.N.Y. Sept. 23, 2014) (discussion in the context of diversity jurisdiction); *Parris v. N.Y. State Dep't Corr. Servs.*, 947 F. Supp. 2d 354, 365 (S.D.N.Y. 2013) (discussion in the context of supplemental jurisdiction). The Court therefore dismisses such claims for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *see* § 1915(e)(2)(B)(iii); N.Y. Corr. Law § 24(1), (2); *Ciaprazi*, 2014 WL 5050591, at *2-3; *Parris*, 947 F. Supp. 2d at 365-66.

1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative.").

To establish the court's diversity jurisdiction, a plaintiff must first show that he and the defendants are citizens of different States. *See* 28 U.S.C. § 1332(a)(1); *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998) ("A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, *i.e.,* only if there is no plaintiff and no defendant who are citizens of the same State."). For diversity purposes, an individual is a citizen of the State where he or she is domiciled, which is defined as the place where a person "has his [or her] true fixed home . . . and to which, whenever he [or she] is absent, he [or she] has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and citation omitted). An individual "has but one domicile." *Id.* There is a rebuttable presumption that a prisoner retains his or her pre-incarceration domicile. *Blumatte v. Quinn*, 521 F. Supp. 2d 308, 312 n.3 (S.D.N.Y. 2007); *see Housand v. Heiman*, 594 F.2d 923, 925 n. 5 (2d Cir. 1979). In addition, for diversity purposes, a corporation is a citizen "of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (a corporation's principal place of business is its "nerve center," usually its main headquarters). "[A] limited liability company . . .[,] [however,] takes the citizenship of each of its members." *Bayerische Landesbank, N.Y. Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012).

The plaintiff must also allege to a "reasonable probability" that his or her claims under state law are in excess of the sum or value of $75,000, the statutory jurisdictional amount. *See* § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

Plaintiff alleges that he now resides at Sing Sing, in Ossining, Westchester County, New York, but he does not reveal his pre-incarceration state citizenship. He states that Providore is located in Portland, Oregon, but does not allege facts showing what its state citizenship is. Plaintiff also states that NSBC is located in Brooklyn, New York, but does not allege facts showing what its state citizenship is either. To the extent any of the individual defendants is a private citizen and not a state actor, Plaintiff further does not reveal any of those individuals' state citizenships. Finally, Plaintiff does not allege facts sufficient to show that his claims under state law are in excess of the sum or value of $75,000, the statutory jurisdictional amount to invoke this court's original diversity jurisdiction. Thus, to the extent that Plaintiff asserts any remaining claims under state law under the Court's original diversity jurisdiction, the Court dismisses those claims for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). Because Plaintiff is proceeding *pro se*, however, the Court grants him leave to file an amended complaint to allege facts sufficient to show that the court has diversity jurisdiction of those claims.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. Federal district courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the United States Court of Appeals for the Second Circuit has cautioned that district courts "'should not dismiss [a *pro se*

complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim under 42 U.S.C. § 1983 and/or allege facts sufficient to show that the court has original diversity jurisdiction to consider his claims under state law, the Court grants Plaintiff 60 days' leave to amend his complaint to detail his claims.

The Court grants Plaintiff leave to amend his complaint to provide more facts about his claims. Plaintiff must name as the defendant(s) in the caption[5] and in the statement of claim those defendants who were allegedly involved in the deprivation of his federal constitutional rights and/or who injured him. In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, he must provide it. Plaintiff should include all of the information in the amended complaint that he wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

---

[5] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the amended complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

    d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and/or injured him; how, when, and where such violations and/or injuries occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

The Court grants Plaintiff leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 1:23-CV-9112 (LTS). An amended complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the Court will dismiss this action; the Court will dismiss Plaintiff's claims under federal and state law for the reasons discussed in this order, and will also decline to consider, under its supplemental jurisdiction, Plaintiff's claims under state law. *See* § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   November 27, 2023
         New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            Chief United States District Judge