UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――――――――
BRIAN MARSHALL GIBSON,

              Plaintiff,

-against-

PASTA CITY, Company Registration # TR-27-K-000663, Pasta Works, 2340 NE Sandy Blvd, Portland OR 97232; NORTHSHORE BOTTLING, 1900 Linden Ave Brooklyn, New York 11207,

              Defendants.
―――――――――――――――――――――――――――――――――

1:23-CV-9112 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      By order dated November 27, 2023, the Court granted Plaintiff Brian Marshall Gibson, who appears *pro se*, proceeds *in forma pauperis* ("IFP"), and is presently incarcerated in the Sing Sing Correctional Facility ("Sing Sing"), 60 days' leave to file an amended complaint. (ECF 6.) On January 12, 2024, the Court granted Plaintiff an extension of time, until March 26, 2024, to comply with the Court's November 27, 2023 order. (ECF 8.) On January 23, 2024, the Court received Plaintiff's amended complaint. (ECF 9.) It is the operative pleading for this action.

      In his amended complaint, Plaintiff names as defendants the following two entities: (1) "Pasta City, Company Registration # TR-27-K-00063, Pasta Works, 2340 NE Sandy Blvd, Portland OR 97232" ("Pasta City"); and (2) "Northshore Bottling, 1900 Linden Ave Brooklyn, New York 11207" ("Northshore"). He appears to assert claims of federal constitutional violations under 42 U.S.C. § 1983, as well as claims under state law, and he seeks a total of $7,000,000 in damages.

      The Court understands Plaintiff's amended complaint as asserting claims under Section 1983, under the court's federal question jurisdiction, as well as claims under state law, under the

court's diversity jurisdiction and supplemental jurisdiction. For the reasons set forth below, the Court dismisses this action.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After

separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

A.     **The Court's November 27, 2023 order**

In his original complaint, Plaintiff asserted claims under 42 U.S.C. § 1983 and state law, arising from the injuries he allegedly sustained as result of purchasing, from the Sing Sing commissary, and consuming, insect-infested pasta that appears to have been a product of Defendant Pasta City, which, the Court noted, seemed to be a reference to Providore Fine Foods ("Providore"), of Portland, Oregon.

In its November 27, 2023 order, the Court, among other things, dismissed Plaintiff's claims under Section 1983 against Providore and "North Shore Distributor, Northshore Building," which appears to be Defendant Northshore, for failure to state a claim on which relief may be granted, because Plaintiff alleged no facts showing that either of those private entities acted as a state actor when it allegedly injured him.[1] (ECF 6, at 8-9.)

The Court also considered whether it had original diversity subject matter jurisdiction to consider Plaintiff's claims under state law. The Court dismissed those claims, to the extent that Plaintiff was asserting them under the court's diversity jurisdiction, because Plaintiff had failed to allege facts sufficient to show that the parties named in the original complaint were diverse and that his claims under state law were in excess of the sum or value of $75,000 – the jurisdictional amount required to invoke diversity jurisdiction. (*See id.* at 10-13.) The Court,

---

[1] The Court granted Plaintiff leave to replead his claims under Section 1983 against others, but Plaintiff did not name any other defendants in the amended complaint. (*See* ECF 6, at 6-10.)

however, granted Plaintiff leave to file an amended complaint to allege facts sufficient to show that the court has diversity jurisdiction to consider Plaintiff's claims under state law.[2] (*Id.* at 13.)

**B.     Plaintiff's amended complaint**

In his amended complaint, Plaintiff asserts claims under 42 U.S.C. § 1983 and under state law, listing only Pasta City and Northshore as named defendants. He appears to allege that he is, and was, prior to his incarceration, a citizen of the State of New York. (ECF 9, at 2.) He also alleges that Pasta City is incorporated in New York, has its principal place of business in New York, and has an address in Portland, Oregon, and that Northshore is also incorporated in New York, has its principal place of business in New York, and is located in Brooklyn, New York. (*Id.* at 3.)

Plaintiff's allegations in his amended complaint are similar to, if not the same as, those offered in his original complaint. Plaintiff seeks, in his amended complaint, a total of $7,000,000 in damages.

## DISCUSSION

**A.     Claims under 42 U.S.C. § 1983**

Plaintiff attempts to assert, in his amended complaint, claims of federal constitutional violations under 42 U.S.C. § 1983 against Pasta City and Northshore, which appear to be private entities. As the Court observed in its November 27, 2023 order, "[p]rivate parties generally are

---

[2] The Court also warned Plaintiff that, if he filed an amended complaint asserting claims under federal law, including claims under Section 1983, under the court's original federal question jurisdiction, as well as claims under state law, under the court's supplemental jurisdiction, and if the Court subsequently dismissed all of his federal law claims in his amended complaint, the Court would decline to consider, under its supplemental jurisdiction, his claims under state law. (ECF 6, at 10 n.3 (citing, *inter alia*, 28 U.S.C. § 1367(c)(3)).) The Court also explained, however, that it could not decline to consider claims under state law if it has original diversity jurisdiction to consider them. (*Id.* (citing 28 U.S.C. § 1332(a)).)

not state actors, and therefore are not usually liable under Section 1983." (ECF 6, at 8-9 (citing *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013)).) In that order, the Court dismissed Plaintiff's claims, under Section 1983, against Pasta City (Providore) and Northshore, for failure to state a claim on which relief may be granted, because Plaintiff had failed to allege, in his original complaint, any facts showing that either of these entities functioned as a state actor when it allegedly injured him. (*Id.* at 9.) Because Plaintiff, in his amended complaint, as in his original complaint, again fails to allege such facts, the Court again dismisses, for failure to state a claim on which relief may be granted, his claims under Section 1983 against Pasta City and Northshore. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.      Claims under state law**

    **1.      Diversity jurisdiction**

To the extent that Plaintiff asserts claims under state law, under the court's diversity jurisdiction, the Court lacks subject matter jurisdiction to consider those claims. As the Court stated in its November 27, 2023 order, "[t]o establish the court's diversity jurisdiction, a plaintiff must first show that he and the defendants are citizens of different States." (ECF 6, at 12 (citing 28 U.S.C. § 1332(a)(1), and *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998)).) The Court also noted that, "for diversity purposes, a corporation is a citizen 'of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.'" (*Id.* (quoting § 1332(c)(1), and citing *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010)).) The Court further noted that, in addition to being required to show the parties' diverse state citizenships, "[t]he plaintiff must . . . allege to a 'reasonable probability' that his or her claims under state law are in excess of the sum or value of $75,000, the statutory jurisdictional amount." (*Id.* at 13 (citing § 1332(a), and *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006)).)

5

Plaintiff appears to allege, in his amended complaint, that he was, prior to his incarceration, and continues to be, a citizen of the State of New York. (ECF 9, at 2.) Because Plaintiff also alleges that both Pasta City and Northshore are incorporated in the State of New York, and that both have their principal places of business in the State of New York, they too, like Plaintiff, are considered to be citizens of the State of New York. *See* § 1332(c)(1). The parties are, therefore, not diverse, as is required for diversity jurisdiction. *See* § 1332(a)(1). In addition, Plaintiff has not shown that his claims under state law exceed the sum or value of $75,000, the jurisdictional amount to invoke diversity jurisdiction. Accordingly, the Court lacks subject matter jurisdiction to consider Plaintiff's claims under state law under its diversity jurisdiction, and it dismisses them for that reason. *See* Fed. R. Civ. P. 12(h)(3).

    **2.**    **Supplemental jurisdiction**

A federal district court may decline to exercise supplemental jurisdiction of claims under state law when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). In addition, "[i]n the absence of diversity jurisdiction, because the Court has dismissed the federal claims brought in this action, it may decline to exercise supplemental jurisdiction pursuant to . . . [Section] 1367(c)(3)." *Golub v. Berdon LLP*, No. 19-CV-10309 (JGK), 2021 WL 637974, at *5 (S.D.N.Y. Feb. 17, 2021). Having dismissed those of Plaintiff's claims of which the Court has original subject matter jurisdiction, the Court declines to exercise its supplemental jurisdiction of any of his claims under state law. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental

jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## CONCLUSION

The Court dismisses this action for the reasons set forth in this order.

The Court also certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter a judgment dismissing this action for the reasons set forth in this order.

SO ORDERED.

Dated:   February 14, 2024
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge